1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    No.  1:17-cr-00158-DAD-BAM

12                      Plaintiff,

13          v.                                      ORDER DENYING DEFENDANT'S
                                                    MOTION TO VACATE, SET ASIDE, OR
14    DUSTIN HARDIN,                                CORRECT HIS SENTENCE UNDER 28
                                                    U.S.C. § 2255
15                      Defendant.
                                                    (Doc. Nos. 71, 74, 84)
16

17

18          This matter is before the court on defendant Dustin Hardin's *pro se* motion to vacate, set

19    aside, or correct his sentence under 28 U.S.C. § 2255.[1]  (Doc. Nos. 71, 74, 84.)  Having

20    considered the parties' briefing, and for the reasons set forth below, defendant's motion will be

21    denied.

22                                            **BACKGROUND**

23          On March 11, 2019, defendant pled guilty to being a prohibited person in possession of a

24    firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), with the undersigned presiding.

25    ───────────────────
      [1]  A little over a year after defendant filed his § 2255 motion, the undersigned transferred to the
26    Sacramento Courthouse of this district, and this case was reassigned to a district judge in this
      court's Fresno courthouse.  (Doc. No. 98.)  A little over a year later, the case was reassigned to
27    the "NODJ" caseload while the court awaited the confirmation of a new district judge to fill the
      vacancy in the Fresno courthouse.  (Doc. No. 100.)  This case was ultimately reassigned to the
28    undersigned on April 15, 2024, to facilitate resolution of the pending motion.  (Doc. No. 102.)

                                                    1

1   (Doc. No. 34.)  The minute entry from that change of plea hearing noted that defendant was

2   "advised of charges, rights, and maximum penalties; waived rights." (*Id.*)  At the sentencing

3   hearing on October 15, 2019, defendant Hardin was sentenced to ninety-months in the custody of

4   the U.S. Bureau of Prisons with a three-year term of supervised release to follow, with his

5   appellate and collateral attack rights waived pursuant to his plea agreement.  (Doc. Nos. 50, 51.)

6   No notice of appeal from the judgment of conviction was filed.[2]

7          On June 14, 2021, defendant filed a § 2255 motion, claiming that "the court violated the

8   United States Constitution and the Second Amendment" when imposing his sentence.  (Doc. No.

9   71.)  Ordered to supplement his motion, defendant filed a supplemental § 2255 motion on July 12,

10  2021, citing five grounds for relief.  (Doc. No. 74.)  First, he asserts a Fourth Amendment

11  violation by law enforcement officers in entering and searching private property without a

12  warrant, alongside a Sixth Amendment violation of his right to counsel of choice.  (*Id.* at 1.)

13  Second, he asserts that he received ineffective assistance from trial court counsel due to counsel's

14  failure to file a suppression motion.  (*Id.* at 2.)  Third, he claims that the government relied upon

15  unlawfully obtained evidence to prosecute him and that the police officers' reports issued as part

16  of the investigation were false.  (*Id.*)  Fourth, he alleges there was insufficient evidence to convict

17  him.  (*Id.*)  Fifth, he asserts that law enforcement violated his Fourth Amendment rights by

18  arresting him without a warrant.  (*Id.*)

19         On October 19, 2021, defendant filed a second supplemental motion, without leave of

20  court having been granted to do so.  (Doc. No. 84.)  Therein, defendant raises two new

21  allegations.  First, he argues that he expected to receive a lower sentence, and because he did not

22  get a lower sentence, his guilty plea was not knowing and voluntary.  (*Id.* at 1–2.)  Second, he

23  states that when he did not receive the sentence he anticipated, he "would of [sic] requested an

24  immediate appeal, which counsel failed to do." (*Id.* at 1.)

25         On February 18, 2022, the government filed its opposition to the pending motion.  (Doc.

26  No. 96.)  Among other arguments, the government contends that defendant's § 2255 motion is

27

28  ───────────────
    [2] On April 6, 2021, the undersigned issued an order denying defendant's motion for a reduction
    of his sentence and/or for compassionate release.  (Doc. No. 70.)

1   untimely, having been filed after the relevant statute of limitations for pursuing the requested

2   relief had expired, and that defendant had not demonstrated entitlement to equitable tolling of the

3   applicable limitations period.  (*Id.* at 12–13.)  Defendant did not file a reply.

4                                                    **LEGAL STANDARD**

5          Title 28 U.S.C. § 2255 allows a federal prisoner to move the sentencing court to vacate,

6   set aside, or correct the sentence if he claims the right to be released upon any of the following

7   four grounds:  (1) that the sentence was imposed in violation of the Constitution or laws of the

8   United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the

9   sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise

10  subject to collateral attack.  28 U.S.C. § 2255(a); *see also Davis v. United States*, 417 U.S. 333,

11  344–45 (1974); *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002).

12         To warrant the granting of relief on a § 2255 motion, the petitioner must demonstrate the

13  existence of an error of constitutional magnitude which had a substantial and injurious effect or

14  influence on the guilty plea or the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637

15  (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now

16  that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to

17  those under section 2254.").  Such relief is warranted only where a petitioner has shown "a

18  fundamental defect which inherently results in a complete miscarriage of justice."  *Davis*, 417

19  U.S. at 346; *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

20         "[A] district court must grant a hearing to determine the validity of a petition brought

21  under [§ 2255], '[u]nless the motions and the files and records of the case conclusively show that

22  the prisoner is entitled to no relief.'"  *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir.

23  1994) (quoting 28 U.S.C. § 2255).

24                                                     **DISCUSSION**

25         Under 28 U.S.C. § 2255(f)(1), a movant has "one year from 'the date on which the

26  judgment of conviction becomes final' to bring a motion under § 2255."  *United States v. Castro-*

27  *Verdugo*, 750 F.3d 1065, 1071 (9th Cir. 2014) (quoting 28 U.S.C. § 2255(f)(1)).  As the Supreme

28  Court has explained, "by 'final,' we mean a case in which a judgment of conviction has been

1    rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or

2    a petition for certiorari finally denied." *United States v. Lafromboise*, 427 F.3d 680, 683 (9th Cir.

3    2005) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).  When "a criminal defendant

4    does not take a direct appeal, a judgment of conviction becomes final when the 14-day limitation

5    for an appeal has been exhausted." *United States v. Lee*, No. 15-cv-00117 SOM-BMK, 2015 WL

6    4591553, at *3 (D. Haw. July 28, 2015); *see also Lafromboise*, 427 F.3d at 683 (citing *Griffith*,

7    479 U.S. at 321 n.6; Fed. R. App. P. 4(b)(1)(A)).

8         In this case, defendant's judgment and commitment was entered on October 17, 2019.

9    (Doc. No. 51.)  He did not file a notice of appeal within fourteen days thereafter.  Thus, defendant

10   Hardin's judgment of conviction became "final" on October 31, 2019.  28 U.S.C. § 2255(f)(1).

11   Under the applicable one-year AEDPA statute of limitations, defendant therefore had until

12   October 31, 2020 to file a motion for relief under § 2255.  The pending motion, however, was

13   filed on June 14, 2021, approximately seven and a half months after the one-year statute of

14   limitations for doing so had expired.  (Doc. No. 71.)

15        Because the pending motion was filed after the applicable one-year statute of limitations

16   expired and because defendant has not argued, let alone established, that he is entitled to equitable

17   tolling of that statute of limitations, the court finds that the pending § 2255 motion is time-barred,

18   and will deny the motion on that basis.  Furthermore, because defendant's motion is time-barred,

19   the court finds that a hearing on defendant's motion is not warranted.  *See Garcia v. United*

20   *States*, No. 21-cv-00322-JLR, 2021 WL 3403540, at *3 (W.D. Wash. Aug. 4, 2021) ("Because

21   [the defendant's] petition is time-barred, no evidentiary hearing is required.").

22        Having concluded that defendant is not entitled to relief, the court also declines to issue a

23   certificate of appealability.  In this regard, a movant cannot appeal the denial or dismissal of his §

24   2255 motion unless he has first obtained a certificate of appealability.  *See* 28 U.S.C. § 2253(c);

25   Fed. R. App. P. 22(b).  To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a

26   movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing]

27   showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion]

28   should have been resolved in a different manner or that the issues presented were 'adequate to

4

1    deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)

2    (citations omitted).  In this case, reasonable jurists cannot debate that defendant's § 2255 motion

3    should be denied.  Therefore, this court will decline to issue a certificate of appealability.

4    Finally, the court notes that a prior court order reassigning this case was served on

5    defendant by mail at his address of record but was returned to the court as undeliverable.  (Doc.

6    No. 101.) According to the U.S. Bureau of Prisons ("BOP") inmate locator, defendant is now

7    imprisoned at the Residential Reentry Management field office in Sacramento, California. *See*

8    *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 14,

9    2024).  The court will direct the Clerk of the Court to correct defendant's address of record on the

10    docket.  However, the court also advises defendant that it is his responsibility to advise the court

11    of any change in his address of record.  His failure to do so in the future may result in the denial

12    of any pending motion(s) he has filed.

13    **CONCLUSION**

14    For the reasons set forth above,

15        1.    Defendant's motion to vacate, set aside, or correct his sentence (Doc. Nos.

16               71, 74, 84) pursuant to 28 U.S.C. § 2255 is denied;

17        2.    The court declines to issue a certificate of appealability under 28 U.S.C. §

18               2253(c);

19        3.    This case remains closed; and

20        4.    The Clerk of the Court is directed to update defendant's address of record

21               to the Sacramento Residential Reentry Management facility if possible.[3]

22    IT IS SO ORDERED.

23    Dated:    **May 18, 2024**

24                               DALE A. DROZD
                                  UNITED STATES DISTRICT JUDGE

25

26    _____

27    [3]  As noted, the U.S. Bureau of Prisons has designated defendant to the Sacramento Residential
       Reentry Management facility with a release date of July 19, 2024.  According to the Bureau of
       Prisons website there is no mailing address for prisoners assigned to that facility.  Instead, only a

28    staff mailing address of 501 I Street, Suite 9-400, Sacramento, CA 95814 is provided.